IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MILES ARNOLD JONES,                  :
                                     :
            Plaintiff,               :
                                     :
      VS.                            :
                                     :        CIVIL No.  5:14-CV-108-MTT
WARDEN BREMEK, DEP. WARDEN           :
BERRY, UNIT MGR. HAMALTON,           :
and DR. SACHDEVA,                    :
                                     :
            Defendants.              :
_____

## ORDER

*Pro se* Plaintiff Miles Arnold Jones, who is currently incarcerated at the Dooly State Prison in Unadilla, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff's motion to proceed *in forma pauperis* was previously granted, and he was ordered to file a recast complaint.  (Doc. 8.)  Plaintiff's recast complaint is now before the court on preliminary review.

## DISCUSSION

**I.      STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262,

1263 (11th Cir. 1998).  Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a

savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.    STATEMENT OF CLAIMS

In his complaint, Plaintiff sues Dooly State Prison employees Warden Tom Gramiak,[1] Deputy Warden Walter Berry, Unit Manager Hamalton, and Doctor Sachdeva. (Recast Compl. 1, Doc. 9.) Plaintiff contends that on November 7, 2013, he had a seizure in his cell at Dooly State Prison wherein he "turn[ed] [his] ankle." (Recast Compl. p. 5.) On November 21, 2013, Plaintiff was given an x-ray which revealed "soft tissue swelling over the lateral malleolus. Bone density normal and uniform. The ankle mortise is intact. There is a large plantar spur." (*Id.*) Then, on December 16, 2013,

---

[1] Plaintiff lists this Defendant as "Warden Bremek," which is incorrect. Tom Gramiak was appointed Warden of the Dooly State Prison on November 1, 2011, and as of this date, is still the Warden. *See* http://www.dcor.state.ga.us/NewsRoom/PressReleases/111031d.html. The Clerk is accordingly DIRECTED to correct this Defendant's name on the Court's Docket.

Plaintiff suffered another seizure and was taken to the Atlanta Medical Center.  Plaintiff, without further explanation, then states that he "could not find [the] Dec. M.R.I." or the x-ray, but that "they" told him it was all the same.  (*Id.*)  On January 17, 2014, Plaintiff was sent back to "G.S.P." wherein he was told he would be taken to Augusta State Medical Prison on April 17, 2014, for surgery on his ankle.  As of the date of the recast complaint, Plaintiff states that he has still not had surgery and is still walking on the ankle.  Plaintiff states that he "is trying to get help for [his] ankle and Becuse (sic) I dont (sic) Have money I can't get a lawer (sic) or help."  (*Id.* at 14.)

Plaintiff also asks the Court, if possible, to "look at" his criminal case, specifically case no. 6627315, the probation revocation that he is currently serving based on what he contends were convictions for child molestation, indecent liberties with a minor, and "writing on book."  (*Id.* at 1, 14.)   Plaintiff states that he "did not do the crime I am in here on."  (*Id.* at 6.)

Plaintiff seeks the full cost of his ankle surgery as well as $1.6 million in damages "for all the month(s) its (sic) taken to get [his ankle] fixed."  (*Id.* at 6.)

### III.   ANALYSIS

#### A.   Review of Criminal Conviction

To the extent that Plaintiff seeks review of his probation revocation by this Court, Plaintiff's request is denied.  This Court is without jurisdiction to review criminal proceedings in the context of a § 1983 complaint.  The proper method for seeking review of or challenging a criminal conviction is to file a habeas corpus petition.

#### B.   Supervisory Liability

Plaintiff's complaint fails to allege any specific harms arising from the actions of

Warden Tom Gramiak.  It is apparent from Plaintiff's allegations that Warden Gramiak is named solely because of his supervisory position.  "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how *overt acts* of the defendant caused a legal wrong."  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added).  Defendant Allen cannot be liable solely by virtue of his supervisory position.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).  To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . .  there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003).  Plaintiff's complaint fails to connect Warden Gramiak to any of the acts in question, and wholly fails to state how Warden Gramiak personally participated in the acts in question.  Therefore, any claims against Warden Gramiak are hereby **DISMISSED**.

### C.    Eighth Amendment Claim

To state an Eighth Amendment claim for the denial of adequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  These allegations must satisfy both an objective and subjective component.  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 (2002).  Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, if left unattended, poses a substantial risk of serious harm.  *Taylor v. Adams*, 221

F.3d 1254, 1257 (11th Cir. 2000).  A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.  *Hill*, 40 F.3d at 1187.  The prisoner must then demonstrate that a prison official had subjective knowledge of the risk of serious harm and disregarded that risk.  *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005).

To the extent that Plaintiff has alleged that the Defendants denied him adequate medical care, Plaintiff has failed to show facts sufficient to allege such a claim.  Plaintiff has not shown that he had any "objectively serious medical" need.  Plaintiff has been scheduled for ankle surgery, but is merely dissatisfied at the delay in having said surgery.  Furthermore, in his recast complaint, Plaintiff acknowledges that he is currently awaiting surgery, but fails to allege that the Defendants have denied him surgery that has been deemed medically necessary. Plaintiff, therefore, cannot satisfy the objective prong of the analysis for a claim of deliberate indifference.  Thus, even liberally construing Plaintiff's complaint, it is found that Plaintiff has failed to allege a colorable claim for the denial of adequate medical care.  As such, this claim is **DISMISSED.**

### D.    Failure to State a Claim

In the Court's previous Order, Plaintiff was notified that:

The revised Complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his Complaint and tell the Court exactly how that individual violated his constitutional rights.  Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.  If, in his

> revised Complaint, Plaintiff fails to link a named defendant to a claim, the
> claim will be dismissed. Likewise, if Plaintiff makes no allegations in the
> body of his Complaint against a named defendant, that defendant will be
> dismissed.

(Order, pp. 2-3; Doc. 8.)  A thorough review of Plaintiff's recast complaint fails to link

any of the named Defendants to the claims alleged in the body of his pleading.

Specifically, Plaintiff fails to state how Defendants Gramiak, Berry, Hamalton, or

Sachdeva violated his constitutional rights.  Plaintiff was put on notice that a failure to

fully comply with the Court's Order would result in a dismissal of his claims.  As such,

Plaintiff's recast complaint is due to be **DISMISSED**.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint as required by 29

U.S.C. § 1915, the Court finds that Plaintiff's complaint and all claims for damages

against the Defendants should be **DISMISSED**.  For purposes of the three strikes

provision of the Prison Litigation Reform Act (PLRA), the Court determines that its

decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as

strikes any action or appeal in federal court "that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 15th day of July, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws

7